[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT BIC CORPORATION'S MOTION FORSUMMARY JUDGEMENT #185
The plaintiff initially filed a three count complaint against the defendant Bic. The Court has previously granted a motion to strike two of these counts one sounding in negligence and one in contract. There remains one count against Bic which alleges an intentional tort
Bic has previously moved for summary judgment claiming, inter alia, that it was entitled to summary judgment based upon the CT Page 5587 exclusivity provisions of the Connecticut Worker's Compensation Act. However, since the claim was being contested in the worker's compensation forum, this court, on May 15, 1995 stayed the defendant's motion for summary judgment pending a resolution of the worker's compensation claim and to permit the plaintiff to depose a number of Bic employees. Plaintiff's counsel was told by the court that the worker's compensation claim was to be pursued with due diligence. Now, two years later that claim is still pending and appears no closer to being resolved as it was on May 15, 1995. Fairness, therefore dictates that the stay ordered on May 15, 1995 be lifted and that Bic be permitted to proceed with its motion for summary judgment regarding the remaining count in the complaint directed to it. The issue presented which has been briefed extensively and argued by the parties is whether there exists any material issue of fact which would defeat Bic's claim that it is entitled to summary judgment by virtue of the exclusivity provisions of the worker's compensation act.
The defendant has accompanied its various motions for summary judgment with deposition transcripts and affidavits through which it seeks to establish certain facts which are not in dispute. The plaintiff was an employee Bic on December 17, 1991 when he suffered a cerebral aneurysm while at work. Gail McHugh was a registered nurse also in the employ of Bic. It appears also undisputed that Gail McHugh was called upon to examine the plaintiff and evaluate him after his foreman observed that he was acting strangely. The documents submitted by Bic set forth its factual claims as to what Gail McHugh did on that day concerning examination and evaluation of the plaintiff, prior to summoning an ambulance in order to have the plaintiff transported to the hospital.
The plaintiff on the other had relies to a large extent on the deposition testimony and affidavit of Roberta Geller to argue that there exists an issue of material fact as to whether Gail McHugh intentionally withheld medical treatment from the plaintiff. The plaintiff also claims that there exists an issue of material fact as to whether Bic directed or authorized such withholding of medical treatment.
For the reasons set forth below the court is of the opinion that there exists no issue of material fact and that Bic is entitled to summary judgment in its favor.
The Connecticut Supreme Court has stated: CT Page 5588
"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. . . . Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A "material" fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-9, 573 A.2d 699
(1990).
The Connecticut Supreme has "interpreted the exclusivity provision of the act, General Statutes 31-284 (a)[1] as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. DickmontPlastics Corp, 229 Conn. 99, 106, 639 A.2d 507 (1994).
In Jett v. Dunlap, 179 Conn. 215, 425 A.2d 1263 (1979), the court recognized the distinction between the actor who is "merely a foreman or supervisor," to which attribution of corporate responsibility for his or her conduct is inappropriate, and the actor who "is of such a rank in the corporation that he [or she] may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity," to which attribution of corporate responsibility is appropriate. Id., 219.
"A key factor in making a determination of whether the corporate shield should be disregarded is the degree of control or CT Page 5589 influence exercised over the corporation by the individual sought to be held liable." Falcone v. Night Watchman, Inc.,11 Conn. App. 218, 221, 526 A.2d 550 (1987).
In the present case, the plaintiff alleges that the employer directed or authorized the subject conduct and that Nurse McHugh could be deemed the "alter ego" of the defendant's organization. In opposition, the defendant claims that the nurse is not the "alter ego" of the corporation. In support of the defendant's argument, the nurse stated in an affidavit that the actions she took on the day in question were based on her own judgment and that no employee of BIC either authorized or directed her to withhold medical treatment from the plaintiff. In support of its argument that the nurse did not have a management control position in the corporation, the defendant cites Panaro v. Electrolux Corp.,208 Conn. 589, 593, 545 A.2d 1086 (1988), where the court held that a company nurse was a fellow employee.
The plaintiff failed to present any evidence that demonstrates that McHugh, the company nurse, may be deemed the "alter ego" of BIC Corporation. At oral argument, the plaintiff also suggested that McHugh's supervisor, Steve Burgert, could be deemed the "alter ego" of defendant BIC. The plaintiff did not offer any legal argument or evidence to support this contention. Furthermore, at her deposition, McHugh stated that she advised Burgert of the plaintiff's illness the day after the incident occurred. Therefore, it does not follow that Burgert directed or authorized the subject conduct.
Therefore, since neither Gail McHugh or Steve Burgert can be considered an "alter ego" of Bic, the plaintiff cannot defeat this motion of summary judgment by raising an issue of material fact as to whether either one of them acted with the intent to cause injury to the plaintiff or acted in a manner whereby their conduct was substantially certain to result in injury. See Suarez v. DickmontPlastics Corp, supra.
The plaintiff also claims that there is an issue of material fact as to whether Bic itself directed or authorized Gail McHugh to withhold treatment of the plaintiff by citing McHugh's testimony at her deposition (p. 33) that it was a criteria of Bic that she should act in a manner to minimize employee absenteeism and absenteeism due to work related injury. The plaintiff argues that such is conduct which would permit a finding of fact as to whether Bic therefore instructed McHugh to delay in seeking medical treatment CT Page 5590 for the plaintiff in this case. The court does not find this to be a plausible argument. It would seem logical that such would be the policy of the medical staff of any employer and cannot be equated with a policy of intentionally withholding medical treatment.
Finally, the plaintiff claims that there exists a question of fact as to whether the plaintiff fell while in the custody of Gail McHugh. The court does not see how this would be a material issue of fact as to whether Bic intentionally caused the injury to the plaintiff or acted in a manner in which they knew injury was a substantial certainty.
For the above reasons, it is the opinion of this court that the defendant Bic Corporation is entitled to summary judgment in its favor based upon the exclusivity provision of the Connecticut Worker's Compensation Act. The motion for summary judgment of Bic Corporation is therefore granted.
THOMPSON, J.